**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2690-23

FRANK SALADO and
QR TRAVEL SERVICES,

    Plaintiffs-Appellants,

v.

CITY OF PERTH AMBOY,
HIU MING CHENG, and
KENNEDY FRIED CHICKEN,

    Defendants-Respondents,

and

AMTRUST NORTH AMERICA,
PARAMOUNT PROPERTY
MANAGEMENT, INC., and
MULAN CHINESE RESTAURANT,

    Defendants.

_____

    Submitted January 21, 2026 – Decided February 6, 2026

    Before Judges Gilson and Vinci.

    On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0003-22.

Maria Ines Gonzalez, attorney for appellants.

O'Toole, Couch & Della Rovere, LLC, attorneys for respondent City of Perth Amboy (Joseph B. O'Toole, Jr., on the brief).

Marshall Dennehey, PC, attorneys for respondent Hiu Ming Cheng (Ayanna Countee, on the brief).

Powell, Kugelman & Postell, LLC, attorneys for respondent Kennedy Fried Chicken (Joseph M. Powell and Jared Paul Miller, on the brief).

PER CURIAM

Plaintiffs Frank Salado and QR Travel Services (QR Travel) appeal from: (1) a January 5, 2024 order granting summary judgment in favor of defendant 244 Kennedy Fried Chicken (244 Kennedy), and a March 1 order denying reconsideration of that order; (2) a January 19, 2024 order granting summary judgment in favor of defendant Hiu Ming Cheng, and a March 1 order denying reconsideration of that order; and (3) a March 28, 2024 order granting summary judgment in favor of defendant City of Perth Amboy (Perth Amboy). We affirm.

I.

We summarize the facts in the light most favorable to plaintiffs. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Cheng owned a commercial building in Perth Amboy that included 240, 242, and 244 Smith Street (the property). Salado owned QR Travel, which was located at 240 Smith

2

A-2690-23

Street. Mulan Chinese Restaurant was located at 242 Smith Street. 244 Kennedy was located at 244 Smith Street.

On March 30, 2021, at approximately 4:14 a.m., the Perth Amboy Fire Department (PAFD) received a report of a fire at the property, and several trucks were dispatched. According to the PAFD incident report, when firefighters arrived, they observed "[h]eavy smoke . . . showing from the roof and all the windows off 244 . . . .242[,] . . . and 240 . . . Smith St[reet]." They "found fire in the rear of 242 Smith St[reet]." "It took approximately three hours to fully extinguish the fire." "The majority of the roof had collapsed in through 244, 242[,] and 240 Smith St[reet]."

Battalion Commander Michael Zylka of the PAFD was assigned to "conduct an origin and cause investigation" of the fire. After the completion of his investigation, Zylka prepared a fire investigation report (the investigation report) in which he concluded "the cause of th[e] fire was not determined." He found "[t]he area of origin was 242 Smith St[reet] located at or near the rear of the store above ceiling level."

He concluded "[t]he ignition source(s) that could not be eliminated were those involving electrical current activity" and the probable ignition source "involv[ed] the structure wiring and associated components located in the

3

ceiling area of 242 Smith St[reet]." Ultimately, he determined "[a]nalysis of all the evidence and information . . . provided insufficient evidence to support any conclusive determination regarding the specific cause of the fire."

Zylka also identified "building defects" that may have "caused, or contributed to, the 'sequence of ignition' of the fire" or "affected the 'propagation and spread' of the fire." "Specifically, two separate (above ceiling level) openings existed between the rear most room [of 242 Smith Street] . . . and the forward areas of the structure. These openings allowed the fire to extend (above ceiling level) from the rear of the compartment to the forward compartment." He also noted "the fire went unnoticed for several hours" and "the building did not have a detection system . . . giving the fire more time to grow."

On January 3, 2022, plaintiffs filed their complaint in this case. They alleged Perth Amboy was negligent because it "fail[ed] to require and to have fire detectors, and automatic fire extinguisher[s] in fact and as a requirement for buildings and business[es] of the kind operating in the" property. They alleged "the failures . . . caused the fire to propagate if not to be initiated."

They alleged Cheng was negligent for not "installing or requiring the install[ation] of fire alarms connected or in network with" PAFD "or providing fire suppression equipment and system[s], including water sprinklers."

4

Plaintiffs alleged 244 Kennedy "had the duty of minimizing and preventing the occurrence of fire hazards and their propagation" and failed "to install, maintain equipment to alert, prevent, suppress the hazard" and "train [its] personnel in the minimization of operations that would increase the occurrence of fire hazards." Plaintiffs also asserted a cause of action against Cheng and 244 Kennedy based on the doctrine of res ipsa loquitur contending they were "fully in control . . . as the actual owner of its entity or of the entire building . . . and the fire could not [have been] caused and propagated but for [their] negligence."

Plaintiffs did not serve an expert report in support of their claims. Following the completion of discovery, defendants separately moved for summary judgment.

On January 5, 2024, after hearing oral argument, Judge Ana C. Viscomi entered an order granting 244 Kennedy's motion supported by an oral opinion. The judge noted the investigation report "reveal[ed] the cause [of the fire] to be undetermined, the origin having been at 242 [Smith Street]." She found "[t]his is a complex case" and "expert testimony is required." The judge found "[t]here are various issues that are raised by the investigator" including "that the fire was a result of electrical overcurrent activity providing the ignition source" and the investigator also referred "to building defects in the roof area." The judge

concluded, "in terms of a potential violation of the Administrative Code . . . the question which could only be addressed by an expert . . . for the jurors to consider is, whether a fire suppression system would have been able to mitigate the fire . . . to any degree." She found plaintiffs did not "serve[] an [expert] report" and "this is not a negligence per s[e] or a res ipsa loquitur case."

On January 19, 2024, following oral argument, the judge entered an order granting Cheng's motion supported by an oral opinion. The judge granted the motion for the same reasons set forth in her opinion granting 244 Kennedy's motion. She reiterated "[t]his is not . . . a matter that can be decided by a jury without the assistance of an expert."

The judge noted "plaintiff[s] [are] relying . . . upon the [investigation] report . . . and on each and every page of that . . . document, it is clearly indicated that the cause of the fire is undetermined." She concluded the case involves "complex issues that the jury would have to consider in terms of causation. Causation has not been established. Res ipsa loquitur does not establish causation." She granted summary judgment because "plaintiff[s] will not be able to make out [their] case without an expert to deal with the causation issues." The judge added that the jury likewise would not be able to determine damages or allocate comparative fault without expert testimony because there

6

are "three tenants, one right after another[,] and there is this issue of lack of fire suppression in all of those places." Plaintiffs filed motions for reconsideration of the January 5 and 19 orders, which the judge denied on March 1.

On March 28, 2024, the judge heard oral argument on Perth Amboy's motion. Following oral argument, she entered an order granting the motion supported by an oral opinion incorporating all the reasons set forth in her prior opinions.

She rejected plaintiffs' claim that they "adopted the expert of [Perth Amboy]" because "there is no expert report. There is an incomplete fire investigation report by the [PAFD], which indicates throughout that the cause and origin [of the fire] could not be determined." The judge continued, "[t]here is no one that has opined within a reasonable degree of professional certainty the cause and origin [of the fire] and to assist the jurors in hearing this case." The judge also granted the motion because, pursuant to "the [New Jersey] Tort Claims Act (TCA), specifically N.J.S.A. 59:2-4, N.J.S.A. 59:2-6, . . . a public entity is not liable for damages based on failure to make an inspection or by making an inadequate or negligent inspection."

On appeal, plaintiffs argue they were not required to serve an expert report because Cheng and 244 Kennedy were negligent per se and the doctrine of res

ipsa loquitur applies. They argue 244 Kennedy was negligent per se "by no[t] having detectors nor alarm[s] and by no[t] having a fire suppression system." They contend Cheng was negligent per se because he "controlled a building with defects that facilitated the conveyance of fire."

Plaintiffs claim the judge erred by "concentrating in the original cause of the fire that was declare[d] in the investigation as undetermined and not in the contributory causes of the conveyance of the fire . . . , such as the defects in construction . . . and . . . the failure to have alarm[s], detectors[,] and fire suppression system[s]." They argue "a jury does not need expert evidence to see and infer the effect of the defects on the structure because the investigator of the [PAFD] made his findings that it allowed and conveyed the fire."

Plaintiffs also contend, even if expert testimony is required, the investigation report was "adopted by the plaintiff[s]" and "[t]here is no rule that prevents . . . plaintiffs from calling any witness to testify either by subpoena or at [t]rial as [a] hostile witness." They claim they "can use . . . Zy[lka's] report and call him at trial for the purpose of proving any issue in the case . . . including question[s] of fact about contributory negligence and even opinion[s] [by] him in that regard."

A-2690-23

Plaintiffs argue the court improperly granted summary judgment to Perth Amboy because their damages "were also caused by the failure of [Perth Amboy] to enforce the [S]tate codes, . . . the building code and the requirements of the fire code and" New Jersey Administrative Code.

## II.

Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We apply the same standard as the trial court and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.

Based on our de novo review, we affirm substantially for the reasons set forth in Judge Viscomi's well-reasoned oral opinions. We add the following brief comments.

Plaintiffs' reliance of the doctrine of res ipsa loquitur is misplaced. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). The doctrine of res ipsa loquitur allows the

A-2690-23

factfinder to draw an inference of negligence against a defendant when: "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." McDaid v. Aztec W. Condo. Ass'n, 234 N.J. 130, 142-43 (2018) (quoting Jerista v. Murray, 185 N.J. 175, 192 (2005)). "The res ipsa doctrine advances the common-sense notion that the party who maintains exclusive control over the object that goes awry and causes injury is in a superior position to explain what went wrong and why." Id. at 143.

Plaintiffs' attempt to invoke the doctrine of res ipsa loquitur fails for at least two reasons. First, the fire originated in 242 Smith Street, the space occupied by Mulan Chinese Restaurant, not in an area within either defendant's exclusive control. Second, the occurrence of a fire does not "ordinarily bespeak negligence." That is particularly true in this case where the only investigation of the fire deemed the cause "undetermined," and possibly the result of an electrical overload in an area of the building not exclusively controlled by 244 Kennedy or Cheng.

We are also convinced the judge properly granted defendants' motions for summary judgment because plaintiff's claims could not be presented to a jury

A-2690-23

without expert testimony. When a negligence claim involves complex issues outside the ken of the average juror, expert testimony is required. Butler v. Acme Mkts., 89 N.J. 270, 283 (1982). Failure to serve an expert report justifies a grant of summary judgment in favor of the defendant. Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 239 (App. Div. 2012).

Such would be the case even if plaintiff could satisfy the doctrine of res ipsa loquitur or demonstrate defendants were per se negligent. "[W]hen the res ipsa inference falls outside the common knowledge of the fact finder and depends on scientific, technical, or other specialized knowledge[,] expert testimony is required." Jerista, 185 N.J. at 199.

As the judge correctly determined, the case involves complex claims regarding the cause and origin of the fire and the propagation of the fire from 242 Smith Street to QR Travel. Specifically, plaintiffs contend defendants' failure to install smoke detectors and fire suppression systems and the alleged "defects" in the structure caused or contributed to the spread of the fire. All these issues present questions outside the ken or common understanding of the average juror. Without expert testimony, plaintiffs' claims cannot be presented to a jury.

A-2690-23

Plaintiffs' contention that they could rely on the investigation report as their expert report lacks merit. As the judge properly found, even if plaintiffs could subpoena Zylka to testify as a "hostile witness" in support of their claims, his report does not provide an adequate foundation to support their claims. The report does not offer an opinion as to the cause of the fire. Rather, it concludes the cause was "undetermined." More importantly, it does not address plaintiffs' claims that fire detectors or fire suppression systems would have prevented the spread of the fire to QR Travel, or that it would not have spread to QR Travel but for the alleged structural "defects."

The judge also correctly dismissed plaintiffs' claims against Perth Amboy for an additional reason. Claims of negligence and nuisance against a public entity are governed by the TCA. Russo Farms, Inc. v. Vineland Bd. of Educ., 144 N.J. 84, 97-98 (1996) (citing Birchwood Lakes Colony Club, Inc. v. Borough of Medford Lakes, 90 N.J. 582, 593 (1982)). Under the TCA, "[a] public entity is not liable for any injury caused by adopting or failing to adopt a law or by failing to enforce any law." N.J.S.A. 59:2-4. The TCA also provides "[a] public entity is not liable for any injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property." N.J.S.A. 59:2-6. Plaintiffs' claims that Perth Amboy failed to adopt

A-2690-23

or enforce requirements for fire detection and suppression systems, or failed to inspect the property, are precluded by the TCA.

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division